UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.  2:25-00436 MWC (Ex) | Date: March 31, 2025 |
| Title  Jane Roe SL 48 v. Doe 1 *et al.* | |

Present: The Honorable:   Michelle Williams Court, United States District Judge

| Teresa Jackson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO REMAND (Dkt. 14) JS-6**

Before the Court is a motion to remand filed by Plaintiff Jane Roe SL 48 ("Plaintiff"). Dkt. # 14-1 ("*Mot.*"). Defendants DOE 1, DOE 2, DOE 3, and DOE 4 (collectively, "Defendants") opposed, Dkt. # 20 ("*Opp.*"), and Plaintiff replied, Dkt. # 30 ("*Reply*"). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers, the Court **GRANTS** Plaintiff's motion to remand.

I.   Background

On August 26, 2024, in Los Angeles Superior Court, Plaintiff brought various state law claims based on sexual abuse that she allegedly suffered as a minor. Dkt. # 1-1 ("*Compl.*"). Plaintiff, who is a California citizen, has sued a series of fictitiously named defendants: Doe 1 and Doe 2 are incorporated in Utah and have their principal place of business in Utah, and Doe 3 is a "Stake," an unincorporated association with its principal place of business in Los Angeles, California.[1] *See id.*; *Mot.* 5:16–17; Dkt. # 20-4.

---

[1] Plaintiff amended the complaint to add Doe 4, a corporation sole, but does not address Doe 4 in her motion to remand. *See generally Mot.* Defendants argue that Doe 4 should be disregarded for jurisdictional purposes, and, on reply, Plaintiff does not address the argument. *See Opp.* 14:7–16:3; *see generally Reply*. Thus, the Court will disregard Doe 4 for jurisdictional purposes.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   2:25-00436 MWC (Ex)                                          Date: March 31, 2025

Title   Jane Roe SL 48 v. Doe 1 *et al.*

Defendants were designated as "Does" in accordance with Section 340.1 of the California Code of Civil Procedure ("Section 340.1"), a state childhood sexual abuse statute that requires such designations "until there has been a showing of corroborative fact as to the charging allegations against that defendant." Cal. Code Civ. Pro. § 340.1(k). The identities of Does 1–3 are in fact known: respectively, they are the Church of Jesus Christ of Latter-day Saints, the Temple Corporation of the Church of Jesus Christ of Latter-day Saints, and the Los Angeles California Stake. *See* Dkt. # 20-1. On January 16, 2025, Defendants removed the case to this Court based on diversity jurisdiction. Dkt. # 1.

II.   Legal Standard

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks omitted). Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331 or there is diversity jurisdiction under 28 U.S.C. § 1332. Courts have diversity jurisdiction over cases where there is complete diversity of parties and the amount "in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case. *See City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) ("The propriety of removal thus depends on whether the case originally could have been filed in federal court."). The case shall be remanded to state court if at any time before final judgment it appears a removing court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991). "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." *Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008); *see also Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) ("[A]ny doubt about the right of removal requires resolution in favor of remand.").

III.   Discussion

The Court need not address any other issue raised in the papers as the "plain language of § 1441(b)(1) requires that the Court disregard the citizenship of *all*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.  2:25-00436 MWC (Ex) | Date: March 31, 2025 |
| Title  Jane Roe SL 48 v. Doe 1 *et al.* | |

defendants sued under 'fictitious names.'" *Roe MG 60 v. Doe 1*, No. 24-CV-07666-RFL, 2025 WL 472291, at *2 (N.D. Cal. Feb. 11, 2025) (emphasis in original).  Defendants contend that they are not truly fictitious defendants but, rather, are "known entities" and their citizenship should be considered for removal jurisdiction purposes.  *Opp.* 16:4–17:18.  But "[s]uch an approach would contravene the plain language of § 1441(b)(1)." *Roe MG 60*, 2025 WL 472291, at *2; *see* 28 U.S.C. § 1441(b)(1) ("[T]he citizenship of defendants sued under fictitious names *shall* be disregarded." (emphasis added)).  There is no reason to ignore the plain language, particularly when "[r]emoval statutes are strictly construed, and any doubt about the right of removal requires resolution in favor of remand."  *See Casola v. Dexcom, Inc.*, 98 F.4th 947, 954 (9th Cir. 2024).  Indeed, as directed by the Ninth Circuit, "[t]he citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant."  *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002).  Accordingly, this Court follows the Ninth Circuit, and several other district courts, in declining to consider the citizenship of Doe defendants.  *See Roe MG 60*, 2025 WL 472291; *Roe MB 87 v. Doe 1*, No. 2:24-CV-09361-SPG-RAO, 2025 WL 654722 (C.D. Cal. Feb. 28, 2025); *Roe EB 67 v. Doe 1*, No. 2:24-CV-09516-SPG-JPR, 2025 WL 699370, at *3 (C.D. Cal. Mar. 4, 2025).  Remand is therefore appropriate.

IV.   Conclusion

    For the foregoing reasons, the Court **GRANTS** Plaintiff's motion and **REMANDS** this action to Los Angeles Superior Court.

**IT IS SO ORDERED.**

| | : |
|---|---|
| **Initials of Preparer** | TJ |